IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEMOND MAURICE MIMMS,

      Plaintiff,                                    CV F 06 0029 AWI WMW   P

    vs.                                           FINDINGS AND RECOMMENDATION

J. KLARICH, et al.,

      Defendants.

      Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has submitted request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

      Plaintiff, an inmate in the custody of the California Department of Corrections at Corcoran State Prison, brings this civil rights action against the correctional officials employed by the Department of Corrections at Corcoran State Prison.

      The allegations in the complaint stem from medical care received by Plaintiff from 2001 to 2005.  Plaintiff sets forth various grievances regarding his medical care.

      The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was

dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury."

This plaintiff has, on 3 prior occasions, brought civil actions challenging the conditions of his confinement. All three action were dismissed as frivolous, or for failure to state a claim upon which relief can be granted. <u>Mims v. George</u>, CV F 05 0089 REC DLM P; <u>Mims v. Galaza</u>, CV F 05 -142 REC WMW P; and <u>Mims v. Petruchelli</u>, CV F 05 0144 REC DLB P. Plaintiff is therefore not entitled to proceed in forma pauperis unless he alleges facts indicating that he is in imminent danger of serious physical injury.

Here, Plaintiff levels claims of inadequate medical care while Plaintiff was housed at Corcoran State Prison. There are no allegations indicating that Plaintiff is in imminent danger of serious injury. Plaintiff is therefore not entitled to proceed in forma pauperis.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis be revoked.

2. Plaintiff be ordered to submit the $150.00 filing fee in full within thirty days.

3. Should plaintiff fail to pay the filing fee, this action be dismissed, without prejudice for his failure to do so, pursuant to Local Rule 11-110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order.

1 | <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2 | IT IS SO ORDERED.

3 | **Dated:   July 18, 2006**          **/s/  William M. Wunderlich**
mmkd34                      UNITED STATES MAGISTRATE JUDGE